The next case is Harvest of Toomer v. Chichestov. Harvest of Toomer v. Chichestov. Good morning, Honors. Ethan Lee for the veteran Harvest of Toomer. We ask that this court remand Mr. Toomer's appeal to the Veterans Court based on several errors of law in the Veterans Court's equitable tolling analysis. Equitable tolling is a two-part test. There's due diligence and circumstances warranting equitable tolling. And the Veterans Court applied the incorrect law with respect to both elements. Mr. Toomer also asks that this court remand his appeal because the VA breaches its duty to provide jurisdictional evidence under Barrett v. Nicholson. With the first page of the, well, let me back you up. The Notice of Appeal Rights Form at page 21 of the appendix says you have 120 days from the date of this decision was mailed to you, as shown on the first page of this decision, the file Notice of Appeal to the Was the cover letter dated August 4, 2009? Would Mr. Toomer's appeal have been timely filed? Yes, Your Honor. What Mr. Toomer is arguing is that he thought the operative date was the date of the second mailing, August 4, 2009. And therefore, he had 120 days from that date. And his Notice of Appeal was within the 120-day period. Therefore, Mr. Toomer argues that under the equitable tolling, the appeal was timely. So if I could get back to the due diligence analysis, the correct test for due diligence is whether it's reasonable diligence. In other words, whether a reasonably diligent veteran would have filed his appeal within the time period. And the Veterans Court could not have applied the reasonable diligent veteran standard. If you look at the Veterans Court opinion, which is on respect to equitable tolling, it's on page 8-4 of the appendix. And the due diligence analysis starts on the So counsel, I guess your threshold argument is that equitable tolling should apply to statutes? Yes, Your Honor. Okay. Going back to the Veterans Court decision. There seems to be a disagreement about what the CAVC's holding was when they said that your client had failed to show that the instructions that he got in August were confusing or misleading. Yes, Your Honor. That's on page 8-5. And so if those instructions that he got in August, your argument is that they were misleading and your client was confused. Yes, Your Honor. And it seems to have been a finding here that they were not confusing or misleading when it was. And is that a fact finding by the CAVC? To the extent that that is a factual determination, it's a factual determination premised on an incorrect legal standard. Therefore, this court wouldn't be bound by that factual determination and this court has jurisdiction to determine whether or not the correct legal standard was used in terms of determining whether or not. That's what I was confused about because it looked to me like, I mean, this case was here once before. I remember because I was on the panel. Yes, Your Honor. And we sent it back because this judge here, Judge Tassel, we felt had not given your client a fair assessment on the question of whether or not the presumption of regularity would apply here, right? Which would, if it did, it would show that your, that the notice, the original notice was in fact mailed. Right. And we sent it back for further adjudication so we could be confident when there was a decision on presumption of regularity, it was done right, right? Yes, Your Honor. And so then, there doesn't seem to be any argument here that the assessment of, the actual assessment of the issue of the presumption of regularity, you don't seem to be appealing that. You're asking, you're saying it should have been due over because there's a document that you didn't have. Yes, Your Honor. But you're not directly appealing Judge Tassel's determination on the remand to say, well, the presumption of regularity applied. Yes, Your Honor. He seemed to say that, and then he goes on to say that, looking at all of the evidence, he didn't think that that, those filing in August was misleading. And you don't seem to attack that fact find. Well, the fact, when the Veterans Court says that the August 4th document was not confusing or misleading, in its essence, what they're saying is there was no due diligence. Why does that go to diligence? That goes to whether or not, when you look at the documents, did the documents say what the government contended they say, as opposed to what you thought they said. And you said, the documents confused my client, so he was uncertain. Yes, Your Honor. Well, due diligence. I just was having trouble because of this. The first place I recognized that the case went back, and Tassel apologized for his error the first time. But I thought there was a problem for your case here that, first, he found that the presumption of regularity existed, which means that the thing was properly mailed. And then this fact finding seemed to me to be harmful in your case. Right. So, to get to your question about the fact finding, the fact determination that the August 4th document was not confusing or misleading, that is a determination there was no due diligence. Why is that? Explain that to me. Because if the document was not confusing or misleading, the reasonable veteran would have filed his notice of appeal within the time period. If the document was not confusing or misleading, then he's saying that a reasonable, well, he's saying that Mr. Toomer should have filed it within the 120 days of the original document. Right. So, how does that, that means that, I mean, it means that he, everything he did was right in the circumstances when he called and they said, well, you got it originally, and then here it is, and there isn't anything that's confusing. When they sent the thing later, there didn't seem to be any basis for him to be able to say, well, I'm still, I was confused. Right. But the, so due diligence is, as I said several times, is a reasonable, diligent veteran standard. Right. So, the determination that it was not confusing or misleading was based on an improper legal standard, because the Veterans Court did not apply the reasonably diligent veteran standard. If we look at it. And then the argument on the diligence follows if, if indeed there is a circumstance that a veteran can say, it gets me the right to claim the So, there's a reason why, reason why you, a reasonable person would say, well, gee whiz, maybe you didn't know when you were supposed to file your notice of appeal. And then diligence bites in, I think, to say, well, once you were in that position, what did you do? I think, you know, diligence says once your circumstance arose, you were homeless. Well, what did you do? Did you try to do anything about it? That's, the diligence bites in after there's a showing of the so-called circumstance. But if the thing you got didn't confuse you about when you were supposed to file, where's the circumstance? Right. So, I think it's a... So, you hook up the diligence to it on the facts here. That was just my problem and with the fact finding that he made. Right. So, I think it's a little unclear what the Veterans Court's circumstance determination is. So, on page A5 of the appendix, the last sentence of the paragraph at the top, it says, finally, Mr. Toomer fails to identify any factor preventing him from filing a timely NOA. But it's a finally to what begins on the prior page where Judge Castle walks through what your client knew when he received that letter. That it's dated in August, but it says, encloses a copy of what we did before in June, which you got. Right. So, as I was saying, I think it's, one way to interpret that sentence is to say, he did not satisfy due diligence, and then this sentence, finally, Mr. Toomer fails to identify any factor. He's also saying we didn't meet the circumstances analysis. Our situation does not fall within one of the circumstances, and we challenge that legal determination. So, really, your appeal is that the Veterans Court applied the wrong standard. This case should have been decided on a reasonably diligent standard. Yes, Your Honor. And because the wrong standard was used, we need to send it back and ask them to use the correct standard. Yes, Your Honor. The reasonably diligent Veterans standard. If you look at what the Veterans Court's analysis is, you said Mr. Toomer fails to demonstrate that he followed the NAR. This is the last paragraph on page 85. You don't get to the diligence issue unless there's been a circumstance. And Judge Casel here said, you fail to identify a factor preventing you from filing a timely NOA. That's what the circumstance is. Then he cites an incorrect statement of the VA, the physical, mental, violence, timely misfiling. Those are the various categories. Right. Yes, Your Honor. And the case law, I think, is pretty clear that the Veteran is the one who's supposed to point to the circumstance. Yes, Your Honor, and we did. The Veteran has to say there was a circumstance that kept me from doing it on time. And then you ask, well, were you diligent once that circumstance arose? And as I understood your brief here, the circumstance you're arguing is that your client was confused. Right. He was misled by the VA. Right. By that letter. By the letter, right. But there seemed to me to be a determination here by Judge Casel that the Veteran couldn't have been confused by the letter. And that looked to me like a factual determination. So if being confused is taken off of the table as a circumstance, you're not left with any circumstance. So nobody, diligence doesn't come into it. It doesn't seem to me. No, see, I think when. What am I missing? When the court says that Mr. Toomer was not misled or confused, another way to interpret what they're saying is to say being misled or confused, that can be a circumstance, but that circumstance doesn't apply because Mr. Toomer was not misled or confused. And that's where the due diligence test comes in. Is what would a reasonable Veteran, would a reasonable Veteran have been misled or confused by that document? And that, and the Venice court did not apply the reasonably diligent Veteran standard here. And that's what our appeal is based on. Okay. Any other questions? Okay. Thank you. Good morning, Your Honors. May it please the court. The appeal should be dismissed because Mr. Toomer has not identified any legal issue raised by the Veterans Court decision, let alone any error of law. At best, he challenges the factual findings of the Veterans Court that there were no extraordinary circumstances in this particular case. Well, he is arguing that the wrong legal standard was applied. And if that were true, then there would be jurisdiction for this appeal. That's true, Your Honor. And so, why don't you address his argument that the wrong legal standard was applied? Certainly, Your Honor. So, as this court well knows, there are three elements to equitable tolling. Extraordinary circumstances, or I know Mr. Toomer seems to dispute the term extraordinary, but some circumstances beyond garden variety neglect. That there was due diligence that was exercised during the extraordinary circumstances period. And that there was a causation between. Is that list, that's those three different factors under extraordinary circumstances, that's not exclusive, is it? I mean, those aren't the only grounds. That is not an exclusive list. However, the particular factor that Mr. Toomer is relying upon, something being misled by official statement by the VA, is one of the factors that's cited here. And it's one that's been recognized by the Supreme Court, by the Veterans Court, by this court. It's a very, and we agree, if there were indeed a factual finding that he had been misled by the VA, that would be a circumstance warranting equitable tolling. What you're really saying is that at some point burden shifting occurs. You get, if you're a veteran, you get a letter that is facially clear, and you have to then come in and say, yeah, but here are facts that show I was misled. I'm not able to read the letter, whatever. The burden to demonstrate circumstances is always on the claimant seeking to extend the time period. So certainly that's true that it is Mr. Toomer's burden to demonstrate extraordinary circumstances. And he has to come forward with some facts. Sure, but if he gets a letter that the computer has spit out non-English gibberish, which happens sometimes, on its face, we can say that's confusing. If he gets a letter that's clear, then he has to say why it's confusing. That's what I'm saying. And he could put in evidence to that effect, but there is no evidence to that effect here. No, all we have is the argument of counsel. He did ask information regarding the administration's policies on these type of copies, right? And your response, and I'm looking at page 20 of the red brief, they're close to the end, the middle of the paragraph. It says, paper copies of assigned data decisions are not maintained for the board. You go on and you say, consequently, the signatures and date stamps, which are added after the documents are printed, meaning the official decision, it's got a date stamp. But those date stamps are not captured. So under your own policies, the copies that you send, when people ask, send me a copy of my decision, what you're going to send them is not stamped. It's not date stamped, and it's not signed, correct? But in this case, you did give him a stamped decision. The decision that he received when he asked for a copy, it had a handwritten notation on it, so it did have a date on it. The cover letter that says, this decision, and he's looking at this for the first time. I mean, that's the evidence. Why is that not confusing or even misleading, especially if the circumstances here show that what was sent to the veteran here was outside of the policies of the administration? We disagree that they were outside the policies of the administration. You say in your own brief that copies of the decisions are not dated. They're not. Copies of the decision are after the decision is issued. You have an original, which goes into the veteran's claim file. And then somebody calls and says, send me a copy. That copy, if I ask you for a copy of the decision, I say, I didn't get the first one. Can you send me one? Or worse yet, I call and I go, where's my decision? And you go, well, one was issued. I said, well, send me a copy. And the one you sent to me has a date on it. Right? But according to the policies as you articulate them, they're not supposed to have dates on them. They're not auto dates. I thought the explanation was, in this particular circumstance, when the BVA issues a final decision, they basically, there are two real final decisions. There's the decision that is signed, and it receives a date stamp. Correct. And there is another copy of a sign and date stamp, and that goes back to the regional office. It goes into the veteran's file. Correct. And there's no other original document kept. The computer at the BVA keeps a copy of the decision. So when someone calls and says, could you please send me another one, they print out a copy. And the copy comes out without a signature and without a date on it. Correct. In this case. So instead of date stamping and writing a signature, which on this opinion, which would be incorrect, because the opinion is actually being given out several days or months after it's issued, there's a handwritten date, and maybe there's an S slash, right? I believe it's stamped file copy. Yeah, stamped file. Is that how you handle this? All of it. If a veteran asks for a copy, you handwrite the date on it? That's my understanding that that is the process. That's what the affidavit says. That's their standard procedure. So they did write the original date on it. This is page 13. And then they send a cover letter. They send a cover letter explaining that's what they've done. Right. And I think what Mr. Toomer received in August were four documents. So we have the original cover letter that had the handwritten June date, the copy of the board decision, which had the handwritten June date. You had the notice of appeal rights, which is the standard form. And then you also had a cover letter that's on page 24 of the joint appendix, or rather the appendix to appellant's brief, which is a date stamped August 4th letter that says, on June 2nd, the board entered a decision and was mailed to your most recent address. You informed us that you have not received a copy. I'm furnishing you with another copy of the June 2nd decision. So that letter makes it very clear that the relevant date of mailing, the date of the board decision, was June, not August. It says you have 120 days from the date of this decision in which to file your notice of appeal. Well, to be very clear, what it says on page 121, A21, is you have 120 days from the date this decision was mailed to you as shown on the first page of this decision. The only decision that was mailed to him in August had a date of June. I guess I sympathize with the veteran whose pro se gets these documents. You have a letter notifying them of a very important element. He's already called and said, where's my decision? He's shown diligence in being concerned about his case. Now he gets from the veterans department, he gets a letter that says you have 120 days from the date of this decision. And he's looking at two different dates. And he hasn't seen either one of these dates before. And to the extent that- The only decision he got has the date on it. The only board decision- The only decision that he ever received has a date on it, which is June 2nd. Correct. Now the difference is the decision that he received has a handwritten June 2nd as opposed to a date stamp. Correct. But he doesn't know that that's not regular, right? He doesn't know. But when it says from the date of this decision, if he turns over and looks at the decision, it's got a date on it. And what's different is that it's handwritten in this particular case instead of typed. And the reason for it being handwritten instead of typed is explained. Because rather than keep multiple copies of the original document, the VA only keeps one. Is a veteran aware of all this? Is a veteran, when they receive a letter, are they aware of the practices of the department? Are they aware that only the original decision is date stamped and that they hand notate a stamp on any subsequent copies? There's no reason to assume that a veteran would know that. And that's why it's the Secretary's responsibility, when the issue of mailing has come up, to provide the Veterans Court with evidence and affidavits explaining what its procedures are and whether or not those procedures were followed in the mailing of this decision. That's the requirement under Barrett. And that was certainly met here by the Gibson Declaration. Was Mr. Toomer exactly pro se? It looks like he was represented by the Legion. He was represented before the Board by the American Legion. And not very often that they're non-attorney representatives. Right, I understand that. Right, and we don't have any evidence on the record about whether they also received their copy. But presumably when he called in July, he was aware that there had been a decision issued. Just to briefly address the diligence issue. Again, I think we only reach diligence if there is an extraordinary circumstance. That's if you're not applying the reasonably diligence test, correct? I'm not sure what the reasonably diligence test is. The element of diligence in the equitable tolling factors. Did the claimant exercise some diligence in pursuing their claim during the extraordinary circumstances period? And I think, in fact, the veteran court judge sort of agrees that he was. It seemed to me that if an extraordinary circumstance or circumstance gives a reasonable person the basis to say equitable tolling perhaps is going to be available here, then you ask whether the person has been reasonably diligent from the time that that circumstance exists, right? And here, maybe I'm wrong, Mr. Toomer's argument is that his circumstance is that he was confused by what we got. Correct. And it seemed to me that, as Judge Wallach was saying, if you looked at these letters, there was a determination by Judge Kassel that he was not confused. That's the conclusion that the veterans court judge reaches here. And on a correct legal standard. When he made that determination, what standard was he using? What the veterans court says is that Mr. Toomer failed to demonstrate that he followed the notice of appeal rights, that the instructions were confusing or misleading, or that the totality of the circumstance otherwise demonstrates that he was precluded from filing his NOA. I think it's not just that looking at this, an ordinary person, a reasonably diligent person, would not find this confusing. Mr. Toomer didn't submit any evidence that this was confusing based upon some specific factors to him, which arguably may have been a basis. So I think either if you look at were there factors specific to this particular claimant or would a reasonably ordinary person find this confusing, neither standard was met in this particular case. Thank you, Your Honors. Your Honors, I'd like to address where the confusing or misleading determination falls in the equitable analysis. And I think one place to look is one of the cases that we cite in our brief, Rickett v. Shinseki, which is an on-bank determination by the veterans court. And there, the veterans court determined that due diligence is satisfied when a veteran files the incorrect form at the incorrect office. In that case, Mr. Rickett sent a letter to the Office of General Counsel. And, of course, the proper procedure is to send an NOA to the veterans, to the Federal Circuit, or veterans court, excuse me. And in that case, essentially what the veterans court determined was that a veteran looking at the Notice of Appellate Rights, the Office of General Counsel was one of the addresses listed on the form. And thus, it was reasonable that a veteran would be confused by the Notice of Appellate Rights. And that's exactly what we have here. We're arguing that a reasonably diligent veteran would have been confused by these multiple letters. He's not so much reasonably diligent. Sorry? Diligent goes to your activities. What have you done once you know something? Whether you're confused, is a reasonable person confused, yes or no? I don't understand why a reasonable diligent person, you're completing a reasonable diligence assessment of something after there's a circumstance. The circumstance is if you look at these documents, are they confusing or not? Right. Was a reasonable diligent man diligent in that he read the documents? I don't understand why diligence bites into the question of what the documents teach when you read them. Well, I think… I know why you're trying to get there, because there's a reasonable diligent standard once there's a circumstance exists. Right. But I think it's a very similar situation to Rickett, where the veteran was trying to interpret the Notice of Appellate Rights. The Veterans Court determined a reasonable veteran would have been confused and would have sent… It's understandable that a reasonable veteran would send a letter to the Office of General Counsel rather than sending a Notice of Appeal to the Veterans Court. And that's exactly what we have here. Do you have a concluding statement? You're out of time. Just that we ask that this Court remand Mr. Tumor's appeal based on several areas of law. Thank you. I think that's the end of the cases for oral argument today. This Court stands adjourned.